ORDERED.

Dated: July 13, 2021

*Karen S. Jennemann*
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| Vito Badalamenti, Jr. | ) Case No. 6:15-bk-07246-KSJ |
| aka Vito Badalamenti, | ) Chapter 7 |
| | ) |
| Debtor. | ) |

**MEMORANDUM OPINION GRANTING
DEBTOR'S MOTION TO AVOID THE LIEN OF AVALON TC II, LP**

The Debtor, Vito Badalamenti, Jr., seeks to avoid a judgment lien held by Avalon TC II, LP ("Avalon") under § 522(f) of the Bankruptcy Code[1] claiming it impairs his homestead exemption.[2] Avalon objects[3] contending the lien cannot be avoided because it attached during a brief time when the Debtor was not living at his home. Finding Avalon's recorded judgment lien *does* impair the Debtor's homestead exemption, even though it was recorded in a period when the Debtor did not reside at the home, the Debtor's motion is granted; Avalon's lien is avoided.

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.
[2] Doc. No. 52. A trial was held on May 13, 2021.
[3] Doc. Nos. 56, 68. The Debtor filed a Response. Doc. No. 57.

In 2002, the Debtor purchased a lot and built his home. In 2004, he moved into his house at 12754 Somerset Oaks Street in Orlando (the "Somerset Home"). From 2004 to 2009, the Debtor claimed the Somerset Home as his homestead for tax purposes; however, in 2009, he inadvertently failed to renew his homestead exemption for the local real estate tax assessment.[4] It was a mistake and an oversight.

In 2011, the Debtor moved out of the Somerset Home and lived with his then fiancée, Ava Fiore, in her house at 414 River Song Court in Orlando (the "River Song Court Home"). Later in 2011, the Debtor married Ms. Fiore, and they moved into a rental home at 2342 Wild Tamarind Boulevard, Orlando, Florida 32828 (the "Rental Home"). In 2014, the Debtor and Ms. Fiore divorced. The Debtor then moved back into the Somerset Home.

So, between 2004 and the present, the Debtor consistently resided at the Somerset Home except for three years, between 2011 and 2014, when he lived with his former wife either in her River Song Court Home or the Rental Home. He claimed the Somerset Home as exempt for tax purposes until 2009, and then unintentionally allowed it to lapse.

---

[4] "The Florida Constitution defines and protects homestead in three different ways. First, the constitution provides homesteads with a tax exemption (article VII, section 6). Second, the constitution protects the homestead from forced sale by creditors (article X, section 4(a)). Third, the constitution restricts the homestead owner's ability to alienate or devise the homestead property (article X, section 4(c))." *Baldwin v. Henriquez*, 279 So. 3d 328, 332 (Fla. 2d DCA 2019) (citation omitted), *review denied*, No. SC19-1767, 2020 WL 2510816 (Fla. May 15, 2020). "The homestead exemption from forced sale is different from the homestead exemption as defined for tax purposes." *Taylor v. Maness*, 941 So. 2d 559, 563 (Fla. 3d DCA 2006). The existence of a homestead under Article X, § 4 of the Florida Constitution is not dependent on claiming or failing to claim the property as a tax-exempt homestead under Article VII, § 6 of the Florida Constitution. *In re Newman's Est.*, 413 So. 2d 140, 142 (Fla. 5th DCA 1982); *see also In re Magelitz*, 386 B.R. 879, 883 (Bankr. N.D. Fla. 2008) (citing *Hutchinson Shoe Co. v. Turner,* 130 So. 623 (Fla. 1930)) ("The homestead exemption provision is self-executing in this regard, and the debtor is not required to take any affirmative action to claim the exemption in order for it to apply."). *Cf. Beltran v. Kalb*, 63 So. 3d 783, 786 (Fla. 3d DCA 2011) ("The fact that property is homestead for ad valorem tax exemption is evidence as to the issue of a claimant's intent that the property is also homestead.").

And that he sometimes uses his former wife's address for mail does not disprove his subjective and objective intent to claim the Somerset Home as his exempt homestead property after their divorce.[5]

On November 21, 2013, when the Debtor was living in the Rental Home, Avalon recorded a Final Judgment against the Debtor for $112,504.03 in Orange County, Florida.[6] At the time the judgment was recorded, the Debtor lived in the Rental Home.

The Debtor filed this chapter 7 bankruptcy case on August 22, 2015.[7] In his schedules, the Debtor listed Avalon as an unsecured creditor[8] and appropriately claimed the Somerset Home as exempt under Florida's homestead law.[9] I specifically find that the Somerset Home was the Debtor's exempt homestead on the day this bankruptcy case was filed.

The Debtor, however, initially did not move to avoid Avalon's lien. Perhaps he was not aware Avalon had recorded the judgment lien in the Florida public records, or perhaps he (or his former lawyer) was not aware he needed to move to avoid the lien.

---

[5] Creditor's Exhibit 9, a 2015 Pretrial Memorandum from the case involving the divorce of the Debtor and Ms. Fiore, states that the Somerset Home was where Ms. Fiore and the parties' minor children were living at the time. Creditor's Ex. 9, Doc. No. 76. However, the Debtor's testimony was credible that this was written in error and that the Debtor has been living in his Somerset Home since 2014.
[6] The Final Judgment in *Avalon TP II, LP v. Badalamenti*, No. 2013-CA-010289 (Fla. 9th Cir. Ct. Nov. 12, 2013), is recorded in Orange Cnty. Official Records Book 10667, p. 3917 (Nov. 21, 2013).
[7] Doc. No. 1.
[8] Debtor's Ex. 3, Doc. No. 75.
[9] *See* Fla. Const. art. X, § 4; Fla. Stat. §§ 222.01, 222.02 (2015). "In Florida, homestead is established by actual occupancy of the subject property accompanied by the intent to reside in the property as one's homestead." *In re del Callejo*, No. 14-25597 BKC AJC, 2015 WL 779002, at *5 (Bankr. S.D. Fla. 2015). The character of a property as homestead "depends upon an actual intention to reside thereon as a permanent place of residence, coupled with the fact of residence." *In re Bennett*, 395 B.R. 781, 789 (Bankr. M.D. Fla. 2008) (quoting *Hillsborough Inv. Co. v. Wilcox*, 13 So. 2d 448, 452 (Fla. 1943)). Here, the Debtor credibly testified he has lived in the Somerset Home as his only permanent home since 2014.

The Debtor received a Discharge on December 1, 2015,[10] and, on January 27, 2016, the case was closed.

Recently, the Debtor hired a new lawyer who moved to reopen this case to "clean up" matters not earlier addressed, such as avoiding Avalon's lien.[11] I routinely granted this request and reopened the case.[12] Although Avalon argues this was improper,[13] no motion for reconsideration was timely filed, and this request is common in bankruptcy cases. Debtors often fail to know that creditors have recorded judgments creating liens until they try to sell or to refinance their homes. Reopening the case is not prejudicial because the debtors are merely seeking relief they may receive under the Bankruptcy Code, and creditors retain the right to object, just as Avalon does here.

So, the case was reopened to address the Debtor's motion to avoid Avalon's lien under § 522(f)(1) of the Bankruptcy Code, arguing that his Somerset Home is homestead exempted from the fixing of a judgment lien.[14] Avalon objects, arguing the lien is not avoidable because the Debtor did not reside in the Somerset Home at the time the judgment was recorded.[15]

Debtors may avoid judgment liens under § 522(f)(1). Section 522(f)(1) states:

---

[10] Doc. No. 23.
[11] Doc. No. 29.
[12] Doc. No. 30.
[13] Avalon, citing *In re McHale*, 593 B.R. 670 (Bankr. M.D. Fla. 2018), *amended in part*, No. 6:10-BK-02527-KSJ, 2018 WL 11206051 (Bankr. M.D. Fla. Aug. 7, 2018), argues that this Court erred in granting the Debtor's motion to reopen the case. However, Avalon failed to file a motion for reconsideration of the order granting the motion to reopen. Even if a motion seeking consideration had been filed, I do not find the delay in seeking to avoid the lien prejudicial. *See id.* at 674. This Court has previously recognized there is no real time limit for filing a motion under § 522(f). *In re Harle*, 422 B.R. 310, 317 n.10 (Bankr. M.D. Fla. 2010) (citing *In re Glover*, No. 00-06680-6B3, 2001 WL 1825795, at *2 (Bankr. M.D. Fla. July 31, 2001)).
[14] Doc. No. 52.
[15] Doc. Nos. 56, 68.

4

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien . . . .[16]

"Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property."[17] A debtor must prove two elements to avoid a lien under § 522. First, the lien must attach or "fix" to property already owned by the debtor.[18] Second, the lien must impair an exemption to which the debtor would have been entitled, hypothetically, rather than actually, under state law.[19] Both elements must be present to avoid the lien.[20]

### **Avalon's Lien Fixed on Property of the Debtor**

Regarding the first element, whether Avalon's judgment lien fixed on property of the Debtor, the United States Supreme Court, in *Farrey v. Sanderfoot*,[21] and the Court of Appeals for the Eleventh Circuit, in *Owen v. Owen (In re Owen)*,[22] have discussed the issue. The Supreme Court, in *Farrey*, held state law determines when a lien is fixed on a debtor's property interest.[23] Applying Wisconsin law, the Court determined that "in

---

[16] 11 U.S.C. § 522(f)(1)(A); *accord In re Cooper*, 202 B.R. 319, 321 (Bankr. M.D. Fla. 1995), *aff'd*, 197 B.R. 698 (M.D. Fla. 1996).
[17] *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S. Ct. 1825, 1829 (1991).
[18] *In re Whelan*, 325 B.R. 462, 464 (Bankr. M.D. Fla. 2005) (citing *Farrey*, 500 U.S. at 296-97, 111 S. Ct. at 1828-29); *In re Cooper*, 202 B.R. at 322.
[19] *In re Whelan*, 325 B.R. at 464 (citing *Owen v. Owen*, 500 U.S. 305, 310-11, 111 S. Ct. 1833, 1836-37 (1991), *remanded to* 961 F.2d 170 (11th Cir. 1992), *cert. den.* 506 U.S. 1022, 113 S. Ct. 659 (1992)); *In re Cooper*, 202 B.R. at 322.
[20] *In re Cooper*, 202 B.R. at 322.
[21] *Farrey*, 500 U.S. 291, 111 S. Ct. 1825.
[22] *Owen v. Owen (In re Owen)*, 961 F.2d 170, 172 (11th Cir. 1992).
[23] *Farrey*, 500 U.S. at 299, 111 S. Ct. at 1830.

order for a lien to 'fix' to a property interest, the property interest must predate the existence of the lien."[24]

After *Farrey*, the Eleventh Circuit in *In re Owen*, recognized that, under Florida law, "[a] judgment lien is a general lien which attaches to any property currently owned by the judgment debtor. It springs to life the minute the debtor acquires property to which it attaches."[25] Applying Florida law, the Eleventh Circuit held a creditor's judgment lien from 1976 cannot "fix" to property later purchased by the judgment debtor in 1984, and "there was never a fixing of a lien *on* an interest of the debtor as the debtor had no property interest prior to the fixing of the lien."[26]

This is true even if the later-purchased property is the debtor's home. "[I]n cases to which Florida law is applicable, where a pre-existing judgment lien attaches to *non*homestead property *at the time the property is acquired*, a debtor may not avoid the lien under Section 522(f), even if the property later acquires homestead status."[27] To satisfy the "fixing of a lien" element, a debtor therefore must own the property interest *before* the fixing of the lien.[28]

Unlike in *In re Owen*, however, Mr. Badalamenti *did* own the Somerset Home before the judgment lien was recorded in November 2013. He had owned the property

---

[24] *In re Whelan*, 325 B.R. at 464 (summarizing *Farrey*).
[25] *In re Owen*, 961 F.2d at 172 (quoting *Allison on the Ocean, Inc. v. Paul's Carpet*, 479 So. 2d 188, 190-91 (Fla. 3d DCA 1985)). In Florida, the creation of a judicial lien in Florida is governed by section 55.10 of the Florida Statutes, which states that "[a] judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation." Fla. Stat. § 55.10 (2013).
[26] *In re Whelan*, 325 B.R. at 464 (quoting *In re Owen*, 961 F.2d at 172).
[27] *In re Cooper*, 202 B.R. at 324 (emphasis added).
[28] *In re Owen*, 961 F.2d at 172.

6

since 2002. The Debtor had an interest in the Somerset Home before the judgment lien attached, and the lien appropriately fixed on a property interest of the Debtor. When Avalon's judgment was recorded in November 2013, it became a lien on the Somerset Home under Florida law. The Debtor satisfies the first element of the statutory test for avoiding Avalon's judicial lien.[29]

### Avalon's Lien Impairs Debtor's Homestead Exemption

Turning to the second element, whether the lien impairs an exemption to which the debtor would be otherwise entitled, the Supreme Court in *Owen v. Owen*[30] stated: "To determine the application of § 522(f) [bankruptcy courts] ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself."[31] The Supreme Court "acknowledged that Florida law does not permit the assertion of the homestead exemption against pre-existing liens, but ultimately concluded that the exclusion does not prevent the avoidance of the lien under § 522(f)."[32] "For purposes of § 522(f), a debtor's entitlement to a claim of exemption is determined as of the petition date."[33] "At that point, we examine the property, the lien, and the exemption—not as an

---

[29] *See In re Cannon*, 568 B.R. 859, 869 (Bankr. M.D. Fla. 2016); *In re Cooper*, 202 B.R. at 324.
[30] *Owen*, 500 U.S. 305, 111 S. Ct. 1833.
[31] *Id.* at 310-11, 111 S. Ct. at 1836-37.
[32] *In re Cannon*, 568 B.R. at 863 (citing *In re Wilbur*, 217 B.R. 314, 317-18 (Bankr. M.D. Fla. 1998); *In re Cooper*, 202 B.R. at 322-23).
[33] *Id.* at 864 (citing *In re Harle*, 422 B.R. at 318 n.7); *accord In re Allen*, 217 B.R. 945, 951 (Bankr. M.D. Fla. 1998) ("The Supreme Court of the United States has instructed that the time for deciding a debtor's entitlement to an exemption for § 522(f) purposes is at the time of the filing of the petition in bankruptcy and not at the time the lien attaches.").

exemption to which the debtor 'is entitled,' but as one to which he 'would have been entitled' but for the lien."[34]

"In accordance with the Supreme Court's holding in *Owen* that Florida's exclusion of pre-existing liens from the homestead exemption does not exclude those same liens from the lien avoidance statute," a debtor may utilize § 522(f) to avoid a lien on property even though a judgment was recorded before the property attained its status as a homestead.[35] Here, Avalon's lien impairs an exemption to which the Debtor *would have been* entitled but for the lien itself;[36] the second element of the statutory test for avoiding the judicial lien also is satisfied.[37]

## Conclusion

Under § 522(f), a debtor may avoid the fixing of a judicial lien on an interest of the debtor if the lien fixed on an interest of the debtor in property and impairs an exemption to which the debtor would have been entitled. The Debtor satisfies these tests. The lien fixed on the Debtor's property, the Somerset Home, because he purchased the property in 2002, years before Avalon recorded its judgment lien in 2013. And because the Somerset Home was the Debtor's homestead when his

---

[34] *In re Cooper*, 202 B.R. at 324 (citing *Owen,* 500 U.S. at 311-13, 111 S. Ct. at 1837).
[35] *In re Wilbur*, 217 B.R. at 318.
[36] Although Avalon argues its judicial lien does not impair the Debtor's exemption, Doc. No. 56 at 3, this Court consistently has concluded that a judgment lien, even if presently unenforceable, does in fact impair a homestead exemption. *In re Calandriello*, 107 B.R. 374, 375-76 (Bankr. M.D. Fla. 1989), *aff'd*, 174 B.R. 339 (M.D. Fla. 1992); *In re Watson*, 116 B.R. 837, 838 (Bankr. M.D. Fla. 1990); *In re Thornton*, 186 B.R. 155, 157 (Bankr. M.D. Fla. 1995); *In re Lowe*, 250 B.R. 422, 425 (Bankr. M.D. Fla. 2000); *In re Desai*, No. 6:05-BK-4071-ABB, 2005 WL 1719318, at *2 (Bankr. M.D. Fla. July 20, 2005); *McFarland v. City of Jacksonville (In re McFarland)*, No. 3:05-00688-JAF, 2008 WL 4550378, at *6 (Bankr. M.D. Fla. July 24, 2008). *Cf. In re Goodwin*, 82 B.R. 616, 617-18 (Bankr. S.D. Fla. 1988) (finding that the recording of a presently unenforceable lien does not impair the homestead exemption); *Cannon v. Cannon*, 254 B.R. 773, 779 (S.D. Fla. 2000) (same); *In re Epstein*, 298 B.R. 917, 920 (Bankr. S.D. Fla. 2003) (same).
[37] *See In re Cooper*, 202 B.R. at 324.

bankruptcy petition was filed, the lien impairs an exemption to which the Debtor would have been entitled but for the lien.

I find Avalon's other arguments without merit.[38] The Debtor's Motion to Avoid Avalon's Lien is granted. Avalon's judgment lien is unenforceable and avoided under § 522(f)(1) of the Bankruptcy Code. A separate order consistent with this Memorandum Opinion will issue.

### 

Attorney Alec Solomita will serve a copy of this order on all interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.

---

[38] For example, the Debtor has not acted in bad faith. The Debtor testified truthfully and candidly. Any asserted inconsistencies were explained. Additionally, while the Debtor did not claim homestead for purposes of obtaining a property tax exemption for the years 2009 through 2020, this alone does not convince the Court that the Debtor did not live at the Somerset Home or is precluded from claiming it as his legal home. *See Tolz v. Prestwood (In re Prestwood)*, 322 B.R. 463, 466-67 (Bankr. S.D. Fla. 2005); *see also In re Bennett*, 395 B.R. at 788 ("The general benefits of owning a home are also irrelevant to this analysis. Whether a debtor has equity in the property, lives in the home, or enjoys any other types of tax benefits has no relevance to the question of whether a debtor receives the benefits of the Florida Homestead Exemption."); *In re McClain*, 281 B.R. 769, 773-74 (Bankr. M.D. Fla. 2002) (recognizing that "[e]xceptions to the homestead exemption should be strictly construed in favor of claimants and against challengers," and that "[t]he status of property as homestead for ad valorem tax exemption purposes is persuasive as to debtor's intent").